## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| JOSEPH LEE and all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>EMPOCC LLC and<br><br>KANE OUIES,<br><br>      Defendants. | **Civil Action No. 21-CV-131**<br><br><br>**JURY TRIAL DEMANDED** |

## COLLECTIVE AND CLASS ACTION COMPLAINT

1.      Plaintiff Joseph Lee is employed by the defendants, EMPOC LLC and Kane Oueis, (collectively, "Defendants"), and he brings this action as a collective action in accordance with the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b), and as both a collective and class action pursuant to the New Mexico Minimum Wage Act (NMMWA), NMSA 1978 § 50-4-19 through -30  (as amended through 2021) and under New Mexico common law, against the Defendants on behalf of himself and all others similarly situated because of Defendants' failure to pay wages in accordance with the FLSA and NMMWA. Plaintiff seeks a declaratory judgment under 28 U.S.C. § 2201 and compensation, damages, equitable and other relief available under the FLSA, as amended, 29 U.S.C. § 201 *et seq*., the NWMWA, NMSA 1978, § 50-4-19, *et. seq.*, and under New Mexico common law.

## JURISDICTION AND VENUE

2.      Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b), 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 28 U.S.C. § 1367(a).

3.      Venue lies within this district pursuant to 28 U.S.C. § 1391.

**PARTIES**

4.      Plaintiff Joseph Lee is employed by Defendants in the position of budtender—a portmanteau of the words "bud" and "bartender"—at Defendants' Oasis Cannabis Company retail location at 2925 Juan Tabo Boulevard Northeast in Albuquerque, New Mexico 87112. Plaintiff has given his written consent to be a party-plaintiff in this action pursuant to 29 U.S.C. § 216(b). His consent is appended to this Complaint as Exhibit A. Plaintiff brings this action as a collective action on behalf of himself and all others similarly situated in accordance with 29 U.S.C. § 216(b) and the NMMWA. Plaintiff also brings this action as a class action on behalf of himself and the class defined below in accordance with Fed. R. Civ. P. 23 and the NMMWA.

5.      Defendant EMPOCC LLC is a New Mexico corporation which, upon information and belief, owns and operates the Oasis Cannabis Company chain of cannabis dispensaries in New Mexico. It can be served via its registered agent, Rahim Gillani, at: 10412 Menaul Blvd NE, Albuquerque, NM 87112.

6.      Defendant Kane Oueis is, upon information and belief, the owner and operator of EMPOCC LLC. and the Oasis Cannabis Company dispensary chain. He is directly involved in the operation and management of Oasis's retail locations and communicates directly with employees, including Plaintiffs, regarding employment issues. Upon information and belief, he can be served at 8016 Pennsylvania Circle NE, Suite B, Albuquerque, NM 87110.

7.      Defendants are each an "employer" within the meaning of 29 U.S.C. § 203(d), and NMSA 1978, § 50-4-21(B) (2021). Defendants are each a "person" within the meaning of 29 U.S.C. § 203(a).

8.      At all times material to this action, Defendants have been enterprises engaged in

2

commerce as defined by 29 U.S.C. § 203(r)(1), with an annual dollar business volume exceeding $500,000.

9.      At all times material herein, Defendants have been actively conducting business in New Mexico.

**FACTS**

10.      Oasis Cannabis Company is a "proudly New Mexico-owned and operated cannabis retailer," consisting of at least eight locations in New Mexico.[1]

11.      Plaintiff Lee has been employed by Defendants as a budtender since December of 2023, continuing through the present.

12.      Plaintiff works at the Juan Tabo location, located at 2925 Juan Tabo Boulevard Northeast in Albuquerque, New Mexico.

13.      Defendants' stores sell a variety of cannabis for medical and recreational purposes.

14.      New Mexico legalized the recreational sale of cannabis products on April 1, 2022.

15.      Defendants have operated their cannabis dispensaries since on or around April 1, 2022.

16.      Defendants' stores are each staffed by three classifications of employees: one store manager, one assistant manager, and between seven and nine budtenders. The store manager and assistant manager supervise the budtenders.

17.      Budtenders are regularly scheduled to work four, ten-hour shifts each week.

18.      Budtenders work on the sales floor and at the cash register assisting customers in the selection of cannabis products. Customers wait in a lobby and are then escorted into the store

---

[1] *See* OASIS CANNABIS CO. – *About Us*, available at: https://www.oasiscannabisnm.com/about (last accessed Jan. 11, 2025); *id. – Find Us*, available at: https://www.oasiscannabisnm.com/find-us (last accessed Jan. 11, 2025).

by a budtender, who guides them through the sales floor and helps them select and purchase products.

19.    As a budtender, Defendants pay Plaintiff at an hourly rate of $16.15 per hour. Plaintiff also customarily and regularly earns more than $30 per month in tips.

20.    Managers and assistant managers oversee the budtenders and work largely in the back office, or "vault," completing paperwork and tasks on the computer relating to product inventory and compliance; determining budtenders' meal period and other schedules; and managing and securing the store's cash, among other managerial tasks. They interact with customers only sparingly.

21.    Managers and assistant managers receive a salary plus tips.

22.    Defendants can, and do, require budtenders to work at different stores in order to meet scheduling needs.

23.    Defendants utilize a centralized, third-party Human Resources provider for all stores, and Defendants set and administer common employment and other policies across all of their retail locations.

24.    A number of district managers sit above the store managers in Defendants' organizational structure. These district managers oversee multiple stores, and report directly to defendant Kane Oueis.

25.    Defendant Kane Oueis directly sets and approves common employment and other policies across all of Defendants' store locations.

26.    Defendant Kane Oueis maintains an instant messaging chat with all budtenders, through which he periodically sets and explains policies, goals and strategies, and sales promotions to budtenders at all Oasis Cannabis Company locations.

27.     It is common in the industry for cannabis dispensary customers to leave tips.

28.     Budtenders at Defendants' stores customarily and regularly receive tips from the customers they serve, consistent with industry custom.

29.     At Defendants' stores, at varying times since April 2022, customers have been able to purchase products in one of two ways: with cash or with a debit card. Defendants' stores do not accept credit cards. Customers can leave tips regardless of their method of payment.

30.     Specifically, customers can leave tips in one of two ways. First, there is a tip jar located in front of each cash register where customers can leave cash tips. Second, for debit transactions, customers can leave a debit tip through the payment system.

31.     Pursuant to company-wide policy and practice, Defendants use a mandatory tip pool system to distribute tips, both cash and debit, to employees.

32.     Pursuant to company-wide policy and practice, both cash and debit tips are pooled and distributed to employees via cash payment on a daily basis.

33.     At the end of each shift, the managers and assistant managers use the cash tips left in the tip jar and the store's on-hand cash to create a cash tip pool equaling the amount of cash tips and debit tips received on that shift. This pool is then divided up equally amongst everyone who worked in the store on the relevant shift, including the manager, assistant manager, and budtenders.

## COLLECTIVE ACTION FOR VIOLATIONS OF THE FLSA AND NMMWA

34.     Defendants have violated the provisions of the FLSA and NMMWA, resulting in damages to Plaintiff and those similarly situated, in the form of wrongfully withheld tips, incurred and incurring costs, and reasonable attorneys' fees.

35.     As a result of the failure to pay wages in accordance with the FLSA and NMMWA, Plaintiff, as well as those similarly situated, have suffered monetary damages by failing to receive

their lawfully owed tips during their tenure of employment with Defendants. In addition to the amount of unpaid tips owing to Plaintiff and those similarly situated, Plaintiff and those similarly situated are also entitled to an additional amount equal to the unpaid tips as liquidated damages pursuant to 29 U.S.C. § 216(b). Under NMSA 1978, § 50-4-26 (2013), Plaintiff and those similarly situated are entitled to an additional amount equal to two times the amount of unpaid tips as liquidated damages owing to Plaintiff and those similarly situated.

36.     Plaintiff and those similarly situated are entitled to an award of attorneys' fees pursuant to 29 U.S.C. § 216(b), and NMSA 1978, § 50-4-26(E) (2013).

37.     Defendants' actions in failing to compensate Plaintiff and other similarly situated employees of Defendant in accordance with the provisions of the FLSA and NMMWA were willful and not in good faith.

38.     There are numerous other similarly situated employees and former employees of Defendants who have been improperly compensated in violation of the FLSA and NMMWA who would benefit from the issuance of court-supervised notice of the present lawsuit and the opportunity to join. Specifically, all employees and former employees of Defendants who have been employed in the position of budtender at Defendants' retail stores and who participated in a mandatory tip pool since April 1, 2022, should receive notice and be given the opportunity to join the present lawsuit.

<b><u>CLASS ACTION FOR VIOLATIONS OF THE NMMWA</u></b>

39.     Defendants have violated the provisions of the NMMWA, resulting in damages to Plaintiff and all Class Members in the form of withheld tips, liquidated damages, incurred and incurring costs, and reasonable attorneys' fees.

40.     The NMMWA permits class actions. NMSA 1978, § 50-4-26(D) (2013).

41.     The Class is defined as follows: All individuals employed by Defendants as hourly-paid budtenders in their retail stores in New Mexico who participated in a mandatory tip pool at any time since April 1, 2022.

42.     Upon information and belief, there are in excess of 100 members of the Class. Thus, the Class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, Class Members are known to Defendants, are readily identifiable, and can be located through Defendants' work and payroll records.

43.     There are questions of law and fact common to the members of the Class, including but not limited to whether the Defendants violated the NMMWA by implementing an unlawful tip pool that, among other things, required sharing of tips with non-wait staff in violation of N.M. Stat. § 50-4-22(C).

44.     Other common questions of law and fact include, but are not limited to:

(a) Whether the Defendants required Plaintiff and Class Members to participate in a tip pool that unlawfully included supervisors and managers;

(b) Whether as a result of the violations of the NMMWA, Plaintiff, as well as all members of the Class, have suffered damages by failing to receive their lawful wages during their tenure of employment with Defendants and are entitled to an additional amount equal to two times the amount of unpaid or unlawfully withheld tips pursuant to NMSA 1978, § 50-4-26(C) (2013);

(c) Whether Defendants were unjustly enriched by their practices; and

(d) Whether, as a result of violations of the NMMWA, Plaintiff and the members of the Class are also entitled to an award of attorneys' fees.

45.     The claims of Plaintiff are typical of all members of the Class. Plaintiff Lee has the

same interests in this matter as all members of the Class.

46.    Plaintiff is an adequate class representative, is committed to pursuing this action, and has retained competent counsel experienced in wage and hour law and class action litigation to represent the Class.

## COUNT ONE

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

47.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

48.    At all times material herein, Plaintiff and similarly situated budtenders have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq.*

49.    Under the FLSA, an "employer may not keep tips received by its employees for any purposes, including allowing supervisors to keep any portion of employees' tips." 29 U.S.C. § 203(m)(2)(B); 29 C.F.R. § 531.50.

50.    Defendants' mandatory tip pool includes not only budtenders, but also their supervisors and managers in violation of 29 U.S.C. § 203(m)(2)(B).

51.    The mandatory tip pool, which unlawfully included the supervisors and managers, resulted in Plaintiff and those similarly situated not being paid the full amount of tips owed to them pursuant to the FLSA.

52.    Defendants' violations of the FLSA as alleged herein have been done in a willful and bad faith manner.

53.    As a result of the aforesaid willful violations of the FLSA, compensation has been unlawfully withheld by Defendants from Plaintiff and similarly situated persons for which the Defendants are liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as

liquidated damages, as well as reasonable attorneys' fees and the costs of this action.

54.    The employment and work records for Plaintiff and similarly situated employees are in the exclusive possession, custody, and control of Defendants, and Plaintiff is unable to state at this time the exact amount owing to him and to those similarly situated. Defendants are under a duty imposed by 29 U.S.C. § 211(c) and the regulations of the U.S. Department of Labor to maintain and preserve Plaintiff's and similarly situated persons' payroll and other employment records from which the amounts of the Defendants' liability can be ascertained.

## COUNT TWO

### VIOLATION OF THE NEW MEXICO MINIMUM WAGE ACT

55.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

56.    At all times material herein, Plaintiff and all similarly situated hourly-paid budtenders in New Mexico have been entitled to the rights, protections, and benefits provided under the NMMWA, NMSA 1978, § 50-4-19, *et. seq*.

57.    The NMMWA states that "[a]ll tips received by such employees shall by retained by the employee, except that nothing in this section shall prohibit the pooling of tips among wait staff." § 50-4-22(C).

58.    Since April of 2022, Defendants have required budtenders to pool tips and have distributed the tips via tip pool, which included supervisors and managers.

59.    Since April of 2022, Defendants have consistently denied Plaintiff and all Class Members the tips to which they are entitled to under the NMMWA by:

    (a) Requiring budtenders to participate in a tip pool of non-wait staff; and

    (b) Distributing the tips from the tip pool to supervisors and managers.

60.     As a result of the aforesaid willful violations of the NMMWA, compensation has been unlawfully withheld by Defendants from Plaintiff and all Class Members, for which the Defendant is liable, together with an additional amount equal to two times the unpaid wages as liquidated damages, as well as interest, reasonable attorneys' fees, and the costs of this action. NMSA 1978, § 50-4-26 (2013).

61.     The employment and work records for the Plaintiff and Class Members are in the exclusive possession, custody, and control of Defendants, and Plaintiff is unable to state at this time the exact amount owing to him and to the Class. Defendants are under a duty imposed by N.M. Stat. § 50-4-9 to maintain and preserve Plaintiff's and Class Members' payroll and other employment records from which the amounts of the Defendants' liability can be ascertained.

### COUNT THREE

### UNJUST ENRICHMENT

62.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

63.     Plaintiff and the Class are entitled to retention of all of the tips paid to them by customers.

64.     Defendants failed to properly account for the tips paid to Plaintiff and the Class and retained the fruits of the labor of Plaintiff and the Class, and retained the monies that should have been paid to Plaintiff and the Class as tips.

65.     Defendants were unjustly enriched by their refusal to pay Plaintiff and the Class all tips owed and have benefited at their expense.

66.     Defendants should be required to disgorge this unjust enrichment.

### PRAYER FOR RELIEF

10

Wherefore, Plaintiff prays that this Court grant relief against the Defendants as follows:

(a)     Enter a declaratory judgment declaring that the Defendants have willfully and wrongfully violated statutory and legal obligations and deprived Plaintiff and all others who are similarly situated and the Class of their rights, privileges, protections, compensation, tips, benefits, and entitlements under the law, as alleged herein;

(b)     Order a complete and accurate accounting of all the compensation, including tips, to which Plaintiff, all others who are similarly situated, and the Class Members are entitled;

(c)     Award Plaintiff, and all others who are similarly situated, monetary damages under the FLSA in the form of back pay compensation and benefits; unpaid entitlements; and liquidated damages equal to their unpaid compensation;

(e)     Award Plaintiff, all others who are similarly situated, and all Class Members, monetary damages under New Mexico law, NMSA 1978, §§ 50-4-26(C), (E) (2013), in the form of back pay compensation including unlawfully withheld tips, benefits; interest; and an additional amount equal to two times the amount of unpaid wages as liquidated damages;

(g)     Award Plaintiff, all those similarly situated, and all Class Members their reasonable attorneys' fees to be paid by the Defendants, and the costs and disbursements of this action; and

(h)     Grant such other legal and equitable relief as may be just and proper.

## **JURY TRIAL DEMAND**

Plaintiffs hereby demand a jury trial in this action.

Dated: February 7, 2025                    Respectfully submitted,

                                           */s/ Stephen Curtice*
                                           Stephen Curtice
                                           Youtz & Valdez PC
                                           900 Gold Ave. SW
                                           Albuquerque, NM 87102
                                           Telephone: (505) 244-1200
                                           Email: stephen@youtzvaldez.com

                                           */s/ Molly A. Elkin*
                                           Molly A. Elkin
                                           (*pro hac vice to be submitted*)
                                           Sarah M. Block
                                           (*pro hac vice to be submitted*)
                                           Patrick J. Miller-Bartley
                                           (*pro hac vice to be submitted*)
                                           McGILLIVARY STEELE ELKIN LLP
                                           1101 Vermont Ave., NW
                                           Suite 1000
                                           Washington, DC 20005
                                           Telephone: (202) 833-8855
                                           Fax: (202) 452-1090
                                           mae@mselaborlaw.com
                                           smb@mselaborlaw.com
                                           pmb@mselaborlaw.com

                                           *Attorneys for Plaintiffs*